**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRIMITIVO ROBLES, on behalf of himself and
all others similarly situated,

*Plaintiff,*

- *vs.* –

HG PUTNAM INC d/b/a HUDSON VALLEY
HEMP,

*Defendant.*

DOCKET NO. 1:24-cv-07548 (JMF) (OTW)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

THE SAMUEL LAW FIRM
Michael Samuel (MS-7997)
1441 Broadway, Suite 6085
New York, NY 10018
Tel: (212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Defendant*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 4

LEGAL ARGUMENT ............................................................................................................ 7

    I.    Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact ................................................................................................... 7

    II.    The complaint should be dismissed for failing to state a claim upon which relief can be granted ................................................................................................ 14

    III.    Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims as his ADA claims must be .................................................................... 16

    IV.    Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL ........................................................................... 16

    V.    Plaintiff's request for declaratory judgment should be dismissed as redundant ......... 18

CONCLUSION .................................................................................................................... 19

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                           <u>Pages</u>

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) ....................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................. ......13, 14, 15

*ATSI Communications, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87 (2nd Cir.2007)...................................... 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)............................. 15

*Bernstein v. City of New York*, 621 F. App'x 56 (2nd Cir. 2015).............................................................. 11, 13

*Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022) ...................... 3, 6, 10, 13, 14, 15

*Chauca v. Abraham*, 30 N.Y.3d 325, 89 N.E.3d 475 (2017)........................................................ .......18

*Chavez v. L2 Liu Inc., 2021 WL 7368670, *2 (E.D.N.Y April 12, 2021)* ............................................... 16

*Cole Haan LLC*, No. 19 CIV. 10440 (AT), 2021 WL 849434 ...................................................... 11

*Competello v. Doobiez LLC* (S.D.N.Y. 1:24-cv-07861-LGS) .............................................. 8

*Competello v. Hemped NYC LLC et al* (S.D.N.Y. 1:24-cv-07877-LJL) ................................................ 8

*Competello v. Jersey Roots Dispensary LLC* (S.D.N.Y. 1:24-cv-07960-KPF) ...................................... 8

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................. 15

*Culwick v. Wood*, 384 F. Supp. 3d 328 (E.D.N.Y. 2019)...................................................... 19

*Dominguez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) .......................................... 13

*Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 (S.D.N.Y. June 22, 2020) .......................... 12

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977 (S.D.N.Y. July 6, 2020)......................... 12

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167 (2000) ................. 9

*Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 385 (S.D.N.Y. 2009)* ....................................... 15

*Guglielmo v. Neb. Furniture Mart, Inc.,* 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) ................... 12

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154 (2nd Cir. 2013) ...................................... 13

*Harty v. W. Point Realty, Inc*., 28 F.4th 435 (2nd Cir. 2022)........................................................ 10, 12

*Home Ins. Co. v. American Home Prods. Corp*., 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930
    (1990) ........................................................................................................... 18

*Igartua v. Late Bloomers NYC, LLC* (S.D.N.Y. 1:24-cv-07966-JHR-GS) ...................................................... 7

*Igartua v. Columbia Care NY LLC* (S.D.N.Y. 1:24-cv-07966-JHR-GS) ......................................................... 7

*Igartua v. Flower Power NYC Corp.* (S.D.N.Y. 1:24-cv-07120-JPC) ............................................................ 7

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993) ................................................................ 19

*Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021) ...................................... 12

*Kleeberg v. Eber*, 2020 WL 4586904 (S.D.N.Y. Aug. 10, 2020),
       *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) ...................................... 19

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006) ...................................... 17

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd Cir. 2013) ................................................ 13

*Lopez v. Peapod, LLC*, 2021 WL 1108559, *3 (S.D.N.Y. Mar. 23, 2021) .................................................. 9

*Lujan v. Defenders of Wildlife*, 50 U.S. 555 (1992) ................................................................ 6, 9, 10

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) ................................................15

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ...................................................... 12

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2nd Cir. 2000) ...................................................... 17

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ............................................ 17

*Robles v. Highlife Health, LLC* (S.D.N.Y. 1:24-cv-08447-MMG) .......................................................... 7

*Robles v. BCPSI Enterprises LLC* (S.D.N.Y. 1:24-cv-08429-RA) .......................................................... 7

*Robles v. The Other Side Dispensary LLC* (S.D.N.Y. 1:24-cv-07729-VSB) ................................................ 7

*Saunders v. NC Accident Reports LLC* (S.D.N.Y. 1:24-cv-06950-AS) ...................................................... 8

*Saunders v. Cat Rock Caurd LLC* (S.D.N.Y. 1:24-cv-07121-MMG) .......................................................... 8

*Saunders v. Matawana LLC* (S.D.N.Y. 1:24-cv-07123-JLR0) .............................................................. 8

*Small v. Gen. Nutrition Companies, Inc,* 388 F. Supp. 2d 83 (E.D.N.Y. 2005) .......................................... 12

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) .................................................... 9

*Suris v. Collive Corp.,* 2022 WL 542987 (E.D.N.Y. Jan. 10, 2022), *report and
       recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) ............................................ 18

*Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022) .................................... 14

Toro v. Gen. Store, LLC, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023) .................... 2

*TransUnion LLC v. Ramirez*, ––– U.S. ––––, 141 S. Ct. 2190, 2200, 210 L.Ed.2d 568 (2021) ............... 10

*Turner v. Nightjar Holdings LLC* (S.D.N.Y. 1:24-cv-08106-AS) ................................................................... 7

*Turner v. Stage One Cannabis, LLC* (S.D.N.Y. 1:24-cv-08092-JLR) ........................................................ 7

*Turner v. Greenery Spot LLC* (S.D.N.Y. 1:24-cv-08086-JGK) ................................................................. 7

*Velazquez v. Everlast Worldwide, Inc.* 2022 WL 16745767 (S.D.N.Y. Sept. 7, 2022) ........................... 12

*Wheatley v. Nuna Harvest LLC* (S.D.N.Y. 1:24-cv-07337-ER) ................................................................. 8

*Wheatley v. New Metro Enterprise Inc.* (S.D.N.Y. 1:24-cv-07296-PAE-OTW) .......................................... 8

*Wheatley v. DNP-Y, Inc.* (S.D.N.Y. 1-24-cv-07300-JMF-JW) .................................................................. 8

Winegard v. Golftec Intell. Prop. LLC, No. 23-CV-1244 (BMC), 2023 WL 3672540, (E.D.N.Y. May 26, 2023) ......................................................................................................................................................... 2

## <u>Statues and Rules</u>

28 U.S.C. § 1367(c) ........................................................................................................................... 17

Fed. R. Civ. P. 8 ................................................................................................................................. 14

Fed. R. Civ. P. 12 (b)(1) ............................................................................................................... 1, 3, 9

Fed. R. Civ. P. 12 (b)(6) ............................................................................................................ 1, 2, 3, 15

NYC Admin Code. Title 8, Ch. 1, § 8-127 ............................................................................................ 20

Defendant HG PUTNAM INC d/b/a HUDSON VALLEY HEMP (hereinafter "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss plaintiff PRIMITIVO ROBLES' Complaint, filed with the United States District Court Southern District of New York on October 4, 2024 (the "Complaint," or "Compl."), pursuant to Fed. R. Civ. P. 12(b) (1) and Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This is one of the 24 identical cases filed in this district by plaintiff Primitivo Robles (hereinafter "Plaintiff") from October 03, 2024, to November 06, 2024, alleging that the Defendant's **dispensary** business discriminates against blind and visually impaired consumers by maintaining an inaccessible website in violation of Title III of the American Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and seeking injunctive relief under that statute.[1]

The lawyers who regularly file these cases have hijacked a statute designed to legitimately preclude commercial discrimination against disabled consumers as a vehicle for corporate shakedowns. Plaintiff's Attorney Jon L. Norinsberg has filed on behalf of visually-impaired plaintiffs 85 *identical* complaints against exclusively **dispensary** website operators for failing to make their websites accessible in violation of the Americans with Disability Act ("ADA") in the U.S. District Court for Southern District of New York for the short period - from July 19, 2024, to November 06, 2024.[2]

Plaintiff and his counsel will likely ask this Court to ignore their serial litigation history. But it is important to consider that Congress did not enact the ADA to benefit serial filers like Plaintiff by his filing these implausible claims.  As was recently recognized in this District, a case like this "saps judicial resources, wastes attorneys' and litigants' time, and ultimately mock[s] the statute's

---

[1] See: Exhibit 1, SDNY Pacer Search by plaintiff Primitivo Robles.
[2] See: Exhibit 2, SDNY Pacer Search by Attorney Jon L. Norinsberg.

mission." *Winegard v. Golftec Intell. Prop. LLC*, No. 23-CV-1244 (BMC), 2023 WL 3672540, at *5 (E.D.N.Y. May 26, 2023). "The limited resources of the federal courts need to be marshaled for resolving genuine disputes, not to provide a platform for extracting nuisance settlements that do little, if anything, to further the important goals of the ADA." Id. (emphasis added). Thanks to a series of decisions recognizing that serial ADA filers often fail to satisfy the threshold issue of justiciability, ADA serial website complaints are now reviewed "with a critical eye to ensure that [the plaintiff] seeks relief for harms honestly endured, and not merely manufactured." *Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023). Gone are the days where implausible boilerplate allegations of injury—like those in the Complaint—can survive dismissal.

Plaintiff's Complaint must be dismissed for several reasons. First, Plaintiff lacks standing to bring a claim under the ADA, because he fails demonstrate that he has suffered an injury-in-fact, and he fatally fails to plausibly demonstrate "a likelihood of future harm", which is required for such standing. The conclusory allegations that "Plaintiff intends to immediately revisit the Website" are simply not credible and specific enough, because Plaintiff fatally failed to plausibly explain why while seeking the special type of product "to ease the significant and persistent pain", Plaintiff intends to return to the Defendant's Website to "explore and purchase" this product exclusively from Defendant at some unspecified time in the future.

Second, the Complaint should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the Complaint does not present a plausible claim for relief, and Plaintiff's basic allegations to support a legal claim lack of plausibility are merely identical to numerous other Complaints filed by him and other plaintiffs. In particular, Plaintiff failed to assert plausible and credible basic information about: (a) how Plaintiff discovered the Defendant's website, and (b) the circumstances of Plaintiff's visits to the Defendant's website. Despite the fact that such information is supposed to be unique in each case, as set forth more fully below, it is merely identical to numerous other Complaints filed by plaintiff Primitivo Robles, and also complaints filed by

plaintiffs Juan Igartua, Hannibal Wheatley, Susan Competello, Michael Saunders and Tavon Turner – each of whom are also represented by Attorney Jon L. Norinsberg, counsel to Plaintiff here. Furthermore, Plaintiff failed to plausibly explain why the period between the date when Plaintiff first t visited the Defendant's Website with a sighted relative, and the date when this lawsuit was been filed, is merely three workdays.

Plaintiff's vague and implausible complaint does not satisfy the constitutional requirement to plead an injury in fact, resulting in a lack of credible factual information alleged in the case, requiring that this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff — as he, and his lawyers, are wont to do — has filed a complaint that (like in all of his attorney's other cases just like this one) identifies implausible allegations and "copy-and-pasted" facts that do not give Plaintiff standing to assert ADA claims, notwithstanding the Second Circuit's admonition that these sorts of pleadings are insufficient. As demonstrated below, Plaintiff has no standing for prospective relief under the standard established in the Second Circuit's recent *Calcano v. Swarovski* decision. *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2d Cir. June 2, 2022).

Further, Plaintiff's additional claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") and claims for declaratory relief are also subject to dismissal for lack of subject matter jurisdiction if the federal claim is dismissed. Finally, Plaintiff's NYSHRL and NYCHRL claims are subject to failure to state a claim insofar as they seek civil penalties and punitive damages.

## STATEMENT OF FACTS

Defendant HG PUTNAM INC. is a New York corporation that owns and maintains a dispensary in Mahopac, New York, and owns & maintains the concomitant website, www.hudsonvalleyhemp.com (hereinafter the "Website"). The Website is accessible to the blind and visually impaired. Defendant is committed to maintaining the accessibility of the Website to

ensure full and equal enjoyment for persons with disabilities.

**Plaintiff's Complaint.**

Plaintiff alleges that he is a visually-impaired and legally blind individual with a qualifying disability under the Americans with Disabilities Act. He alleges that he uses specialized screen reading software to enable him to access information on the Internet. (Compl. ¶¶ 1, 23). Plaintiff does not allege in the Complaint the place of his residence but states that he has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in Bronx County. (Compl. ¶ 12).

Plaintiff references "several screen-reading software programs" that are available to blind users, including Non-Visual Desktop Access, otherwise known as "NVDA," and alleges that he is unable to utilize a computer or device without the assistance of NVDA. (Compl. ¶¶ 13, 17 39). Plaintiff does not state that he was using NVDA when he purportedly accessed the Website.. Plaintiff alleges that version 2.1 of the WCAG is the "well-established guidelines for making websites accessible to blind and visually-impaired people." (Compl. ¶ 20).  Plaintiff does not allege that the WCAG 2.1 guidelines have the force of law, or that there exists any authority obligating Defendant to meet the WCAG 2.1 guidelines. (See Compl., generally).

Plaintiff implausibly claims that he "discovered Defendant's Website around September 28, 2024, (which is merely three workdays before filing of the Complaint on October 4, 2024) as a result of a "glowing ***recommendation by a close friend*** who had been aware of Plaintiff's condition... Therefore, on this same day, Plaintiff accessed the  Defendant's Website, ... ***for the first time with a sighted relative*** and was very impressed with the company's thoroughness of each product sold online, detailing each of its unique characteristics". (Compl. ¶ 27). Plaintiff further claims that he encountered significant accessibility barriers that prevented him from fully utilizing the Website's services when he attempted to access it later by himself, first on September 28, 2024, and then September 29, 2024. (Compl. ¶¶ 27, 28, 32). On the very next day, September 30, 2024,

Plaintiff's counsel conducted accessibility audits of the Website. (Compl. ¶ 34). Plaintiff does not

mention any other dates on which he visited the Website prior to his lawsuit, and he does not allege

that he regularly visited the Website. (See Compl., generally). Plaintiff does not claim that he ever

contacted Defendant in attempt to request assistance with access to Defendant's Website or that

the alleged accessibility barriers prevented him to obtain the Defendants contacts and further

assistance. (See Compl., generally).

　　　　Regarding his future intentions to return to the Defendant's Website, Plaintiff does not

plead any specific intent to return, beyond vaguely asserting that he "is determined to access this

Website again – following their remediation. Plaintiff's alleged aim is to explore and purchase from

the broad array of products offered by Defendant with the goal to identify the most suitable

products (whether marijuana or related products) which could potentially **ease the symptoms**

caused by the Retinitis Pigmentosa." (See Compl., generally, and also at ¶ 38).  However, most

importantly, the allegations in Plaintiff's Complaint lack any specificity as to why Plaintiff intends

to wait until any alleged harm is remedied by Defendant so that Plaintiff can return to Defendant's

Website to "explore and purchase" such a non-exclusive product as "marijuana or related products"

exclusively from Defendant at some unspecified time in the future. (See Compl., generally, and also

at ¶ 38). This is especially perplexing given that Plaintiff could easily purchase the same products

from numerous other dispensary websites that are accessible to screen-reading software, thereby

alleviating Plaintiff's symptoms immediately. Plaintiff specifically emphasized in his Complaint

that "[i]n 2017, the Plaintiff was diagnosed with Retinitis Pigmentosa, a genetic disorder of the eyes

that causes loss of vision. As the disease progressed, more photoreceptors were lost, and Plaintiff

experienced a reduction in visual field and **experienced significant and persistent pain.**" (Compl.

¶ 25). Given that Plaintiff is seeking a product to ease his symptoms, rather than something like

another pair of jeans or a special sort of coffee, Plaintiff's assertion that he intends to return to

Defendant's Website to "explore and purchase" such relief product at an unspecified future time is

implausible and not credible.

Without such basic plausible information, Plaintiff cannot show that he has suffered an injury that is "concrete and particularized." *Calcano, citing Lujan v. Defs. of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130.

<u>**Comparison with the other Complaints filed by the same Plaintiff and other plaintiffs.**</u>

Given that most ADA complaints could contain similar language, Plaintiff's allegations of facts, including the basic information about: (a) how Plaintiff discovered the Defendant's website, and (b) the circumstances of Plaintiff's visits to the Defendant's website, must be unique and plausible.

However, Plaintiff's allegations asserted in the verified Complaint about how Plaintiff discovered the Defendant's website, and the circumstances of Plaintiff's first visit to Defendant's website are not plausible, especially when compared with the numerous other similar complaints filed by his counsel on his behalf and on behalf of the other plaintiffs.

In paragraph 27 of his verified Complaint Plaintiff states that "Plaintiff discovered Defendant's Website around September 28, 2024, **as a result of a glowing recommendation by a close friend** who had been aware of Plaintiff's condition, and the potential benefits and uses of marijuana and related products. **Therefore, on this same day, Plaintiff accessed Defendant's Website**, www.hudsonvalleyhemp.com, **for the first time with a sighted relative** and was very impressed with the companies thoroughness of each product sold online, detailing each of its unique characteristics." However, within the extremely short period, from October 3, 2024, to November 6, 2024, Plaintiff filed a total of ***24*** ADA Complaints in this district against ***dispensary*** websites[3]. In each of these Complaints, paragraphs 27 or 28 are nearly identical, differing only by

---

[3] See: **Exhibit 1**, SDNY Pacer Search by plaintiff Primitivo Robles.

the date and the name of the website[4].  Notably, in each of these 24 Complaints, Plaintiff asserts that he discovered the Defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that he visited the Defendant's website "**for the first time with a sighted relative**", which is obviously implausibly consistent across as many as 24 complaints.

However, even if the Court decides the above-mentioned identical allegations are plausible when asserted by the same plaintiff in so many different ADA Complaints, such identical allegations would never be deemed plausible when asserted by different plaintiffs in their ADA Complaints.

Thus, according to the SDNY Pacer Search, Attorney Jon L. Norinsberg filed a total of 85[5] ADA Complaints on behalf of six plaintiffs, including Plaintiff Primitivo Robles against *dispensary* websites. (See the table below). Specifically:

Plaintiff *Juan Igartua* identically asserts that he discovered the defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that he visited the defendant's website "**for the first time with a sighted relative**" in the paragraphs 27 or 28[6] of all of his 20 Complaints[7].

Plaintiff *Tavon Turner* identically asserts that he discovered the defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that he visited the defendant's website "**for the first time with a sighted relative**" in the paragraphs 27 or 31[8] of almost all of his 20 Complaints[9].

---

[4] See, for example: *Robles v. Highlife Health, LLC* (S.D.N.Y. 1:24-cv-08447-MMG), at ¶27; *Robles v. BCPSI Enterprises LLC* (S.D.N.Y. 1:24-cv-08429-RA), at ¶27; and *Robles v. The Other Side Dispensary LLC* (S.D.N.Y. 1:24-cv-07729-VSB), at ¶27;
[5] See: **Exhibit 2**, SDNY Pacer Search by Attorney Jon L. Norinsberg.
[6] See, for example, *Igartua v. Late Bloomers NYC, LLC* (S.D.N.Y. 1:24-cv-07966-JHR-GS), at ¶28; *Igartua v. Columbia Care NY LLC* (S.D.N.Y. 1:24-cv-07966-JHR-GS), at ¶27; and *Igartua v. Flower Power NYC Corp.* (S.D.N.Y. 1:24-cv-07120-JPC), at ¶27.
[7] See: **Exhibit 4**, SDNY Pacer Search by plaintiff Juan Igartua.
[8] See, for example, *Turner v. Nightjar Holdings LLC* (S.D.N.Y. 1:24-cv-08106-AS), at ¶31; *Turner v. Stage One Cannabis, LLC* (S.D.N.Y. 1:24-cv-08092-JLR), at ¶31; and *Turner v. Greenery Spot LLC* (S.D.N.Y 1:24-cv-08086-JGK), at ¶31.
[9] See: **Exhibit 5**, SDNY Pacer Search by plaintiff Tavon Turner

Plaintiff Michael Saunders identically asserts that he discovered the defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that he visited the defendant's website "**for the first time with a sighted relative**" in the paragraphs 27, 28 or 30[10] of almost all of his nine Complaints[11].

Plaintiff Hannibal Wheatley identically asserts that he discovered the defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that he visited the defendant's website "**for the first time with a sighted relative**" in the paragraphs 27 or 28[12] of all of his 8 Complaints[13].

Plaintiff Susan Competello identically asserts that she discovered the defendant's **dispensary** website "**as a result of a glowing recommendation by a close friend**", and that she visited the defendant's website "**for the first time with a sighted relative**" in the paragraphs 27 or 28[14] of all of her seven Complaints[15].

| Name of the plaintiff, represented by Attorney Jon L. Norinsberg | Quantity of the filed ADA Complaints | Quantity of the complaints Paragraphs and number of the paragraphs with the identical allegations |
|---|---|---|
| Primitivo Robles | 24 | In all of the 24 complaints, at ¶¶ 27 or 28. |
| Michael Saunders | 9 | In almost all of his 9 complaints, at ¶ 30. |
| Juan Igartua | 20 | In all of the 20 complaints, at ¶¶ 27 or 28. |
| Tavon Turner | 20 | In almost all of his complaints, at ¶¶ 27 or 31. |
| Hannibal Wheatley | 8 | In all of the 8 complaints, at ¶¶ 27 or 28. |
| Susan Competello | 7 | In all of the 7 complaints, at ¶¶ 27 or 28. |

---

[10] See, for example, *Saunders v. NC Accident Reports LLC* (S.D.N.Y. 1:24-cv-06950-AS) at ¶30; *Saunders v. Cat Rock Caurd LLC* (S.D.N.Y. 1:24-cv-07121-MMG), at ¶ 27; *Saunders v. Matawana LLC* (S.D.N.Y. 1:24-cv-07123-JLR0), at ¶ 28.
[11] See: **Exhibit 3**, SDNY Pacer Search by plaintiff Michael Saunders
[12] See, for example, *Wheatley v. Nuna Harvest LLC* (S.D.N.Y. 1:24-cv-07337-ER) at ¶27; *Wheatley v. New Metro Enterprise Inc.* (S.D.N.Y. 1:24-cv-07296-PAE-OTW)at ¶28; *Wheatley v. DNP-Y, Inc.* et al (S.D.N.Y. 1-24-cv-07300-JMF-JW) at ¶28.
[13] See: **Exhibit 6,** SDNY Pacer Search by plaintiff Hannibal Wheatley
[14] See, for example, *Competello v. Doobiez LLC* at ¶28 (S.D.N.Y. 1:24-cv-07861-LGS); *Competello v. Hemped NYC LLC et al* (S.D.N.Y. 1:24-cv-07877-LJL) at ¶27; *Competello v. Jersey Roots Dispensary LLC* (S.D.N.Y. 1:24-cv-07960-KPF) at ¶28;
[15] See: **Exhibit 7,** SDNY Pacer Search by plaintiff Susan Competello.

| Total: | 85 | |
|--------|----|--|

**LEGAL ARGUMENT**

### I. Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact.

When presented with multiple grounds for dismissal, "the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction necessary to consider the merits of the action." *Lopez v. Peapod, LLC*, 2021 WL 1108559, *3 (S.D.N.Y. Mar. 23, 2021) (ADA accessibility claim) (quotation omitted); see also *Velazquez v. Everlast Worldwide, Inc.* 2022 WL 16745767 (S.D.N.Y. Sept. 7, 2022) (court *sua sponte* issuing order to show cause for dismissal of ADA accessibility claim due to lack of standing). We therefore begin with Plaintiff's lack of standing.

This Court should dismiss Mr. Primitivo Robles' claims because he has not met his burden of showing that he has suffered the "injury in fact" required by Article III of the constitution. Here, Plaintiff bears the burden of establishing the elements of standing because he has invoked federal jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).*

In order to establish Article III standing, plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 560 n. l (1992). An injury is "concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the plaintiff brought a claim alleging a technical violation of the Fair Credit

9

Reporting Act but asserted no injury beyond that violation. The Supreme Court held that a party does not "automatically satisfy the injury-in- fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549.

That fact pattern reappears in the instant case. Plaintiff fails to demonstrate that the alleged facts actually exist, as the Complaint asserts implausible and abstract allegations and lacks the essential basic information required to show that Plaintiff has suffered an injury that is "concrete and particularized." *Calcano, citing Lujan v. Defs. of Wildlife,* 504 U.S. at 560, 112 S.Ct. 2130.

Plaintiff Primitivo Robles alleges that Defendant's Website is not fully accessible to visually impaired individuals but does not describe any "concrete and particularized" injury that he has suffered. Plaintiff alleges injury from his supposed inability to purchase marijuana or related products provided *inter alia* behind a website link. Plaintiff "must also allege downstream consequences from failing to purchase marijuana or related products in order to have an Article III in fact." *Harty v. W. Point Realty, Inc.*, 28 F.4th at 444. Put simply, "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, ––– U.S. ––––, 141 S. Ct. 2190, 2200, 210 L.Ed.2d 568 (2021).

Where, as here, Plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury,' often termed a 'likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015). In the ADA context, that means that plaintiff must allege (1) a past injury under the ADA; (2) that it is reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants [businesses] to plaintiff's home, that plaintiff intended to return to the subject location. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68 (2d Cir. June 2, 2022). As clarified in *Calcano* (discussed below), this risk of future harm must be material, imminent, substantial, and likely to be harmed again in a similar way."

Here, the Complaint must be dismissed for the reason that the allegations in Plaintiff's Complaint lack any plausibility and specificity as to why Plaintiff intends to wait until any alleged

harm is remedied by Defendant so that Plaintiff can return to Defendant's Website to "explore and purchase" such a non-exclusive product as "marijuana or related products" exclusively from Defendant at some unspecified time in the future. This is especially perplexing given that Plaintiff could easily purchase the same products from numerous other dispensary websites that are accessible to screen-reading software, thereby alleviating Plaintiff's symptoms immediately. Plaintiff specifically emphasized in his Complaint that "[i]n 2017, the Plaintiff was diagnosed with Retinitis Pigmentosa, a genetic disorder of the eyes that causes loss of vision. As the disease progressed, more photoreceptors were lost, and Plaintiff experienced a reduction in visual field and experienced significant and persistent pain." Given that Plaintiff is seeking a product to ease his symptoms, rather than something like another pair of jeans or a special sort of coffee, the Plaintiff's assertion that he intends to return to Defendant's Website to "explore and purchase" such relief product at an unspecified future time is implausible and not credible.

A court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011).

Moreover, as provided above, Plaintiff has never contacted Defendant with any inquiries about or request for assistance in purchasing marijuana or related products. The Complaint is devoid of any such allegations.

In addition to the absence of any specific facts establishing genuine intent to purchase from the Defendant's website in the future, Plaintiff's numerous other near-identical lawsuits against **dispensary** websites for alleged violations of the ADA "undercut the sincerity of his intent to return." *Cole Haan LLC*, No. 19 CIV. 10440 (AT), 2021 WL 849434, at *3 (dismissing plaintiff's ADA claim and holding in part: "Because his complaint lacks concrete facts [sufficient to establish an intent to return,] the existence of his numerous, identically worded complaints undercuts the

plausibility of his allegations.").

In almost identical fact patterns, courts have previously dismissed cases that suffered from the same flaws. In *Jaquez v. Aqua Carpatica USA, Inc*., 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021), the holding for that case was that there was not sufficient clarity in the pleading to establish an injury in fact. And in another remarkably similar case, a court in the Southern District dismissed a web accessibility complaint for lack of failure to plead an injury in fact. In *Mendez v. Apple Inc*., 2019 WL 2611168 at *1 (S.D.N.Y. Mar. 28, 2019), the court found that the threadbare recitation of facts to be insufficient to establish an injury in fact under the ADA. "Those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4 And finding that the standard for standing under the NYCHRL is the same as under the ADA, the *Mendez* court found those to be inadequately pleaded as well. *Id. See also Guglielmo v. Neb. Furniture Mart, Inc.,* 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020).

The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005). As noted above, the Second Circuit has laid out several factors to consider. In the context of a website, "proximity" is not a meaningful concept, but plaintiff cannot simply assert vague claims that "in the future" the plaintiff intends to use the website to complete a transaction. *Harty v. W. Point Realty, Inc*., 28 F.4th 435 (2nd Cir. 2022)("'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of when the someday will be – do not support a finding of the 'actual or imminent' injury" that Article III requires."); *Dominguez v. Pizza Hut of Am*., *LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020)(assertion of intent to return when alleged barriers have been rectified is insufficient.) Rather, to establish this factor, "[t]he plaintiff must allege specific facts that 'show a plausible intention or desire to return to the place but for the barriers to access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788, at *3 (S.D.N.Y. June

22, 2020). See, e.g., *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2nd Cir. 2013) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2nd Cir. 2015)(alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021)("indefinite" plan to return to store is conclusory; furthermore, fact of filing "at least 24 nearly identical complaints against other retailers… undermines the sincerity of Plaintiff's alleged intent to return").

Moreover, just a few months ago, the Second Circuit addressed the very question of the required pleading standards (albeit in the context of gift cards). It explained that merely parroting the Second Circuit's language from *Kreisler*—proximity, being a past customer, intent to return—is really "nothing more than 'legal conclusion[s] couched as … factual allegation[s].'" *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2nd Cir. 2013) (citing *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76 (2nd Cir. 2022). The Second Circuit has *rejected* the idea that a court is required to accept vague assertions, and pointed out that to "nudge [plaintiffs'] claims 'across the line from conceivable to plausible,'" *Id.* at *5 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) they needed to, e.g., provide details of past visits or the frequency of such visits (rather than just saying "on prior occasions"), explain what items they purchased in the past, why they want to purchase particular goods now, and why they would do so "immediately" when those goods became accessible. *Calcano*, 36 F.4th at 77.

The need for specificity is particularly acute in the case of a serial plaintiff who simply files dozens of nearly identical lawsuits, exploiting the ease of facilely claiming that one intends to visit a website someday. Indeed, every one of the 24 cases that plaintiff Primitivo Robles has filed contains the exact same non-specific, implausibly statement that he "is determined to access this Website again – following their remediation. Plaintiff's aim is to explore and purchase from the

broad array of products offered by Defendant with the goal to identify the most suitable products (whether marijuana or related products) which could ***potentially ease the symptoms*** caused by the Retinitis Pigmentosa."." In *Calcano*, the Second Circuit explained, "Third, we cannot ignore the broader context of Plaintiffs' transparent cut-and- paste and fill-in-the-blank pleadings. All of the Plaintiff's complaints use identical language to state the same conclusory allegations." *Calcano*, 36 F.4th at 77. In saying that, the Second Circuit did of course not rule that being a serial plaintiff automatically invalidates cases of this nature; it merely noted that "[t]his backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury." *Id*.

Applying *Calcano* and other precedents in a strikingly similar recent situation, Judge Caproni in the Southern District *sua sponte* raised the issue of standing and concluded that the plaintiff's bare bones pleadings "likely" did not establish Article III jurisdiction. *Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 at *4 (S.D.N.Y. Aug. 26, 2022) (failure to allege any facts about past visits or specifics of future intentions prevented court from plausibly concluding an intent to return). Nothing in the complaint proves that plaintiff would *not* return to defendant's website in the future. But the burden is on the plaintiff to affirmatively establish that it is plausible that he would. The mere conclusory statements offered by plaintiff do not push his complaint across the line from possible to plausible. They are just generic statements which parrot the legal standard without supplying any meaningful information and should not entitle plaintiff to unlock the doors of discovery. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. The complaint should be dismissed for failing to state a claim upon which relief can be granted.

Even if plaintiff's bare-bones allegations were sufficient to establish *standing*, the complaint should be dismissed for failing to adequately plead grounds for relief. Fed. R. Civ. P. 8(a)(2), requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, v 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), (1) "a complaint must contain sufficient factual matter, accepted as ***true***, to 'state a claim to relief that is ***plausible*** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and (2) a plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S. Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*. When faced with a Rule 12(b)(6) motion, a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007), but the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 385 (S.D.N.Y. 2009) (emphasis omitted).

And yet, as described above, all what Plaintiff's complaint offers is implausible allegations, identical to numerous other Complaints filed by him and other plaintiffs. This is far less specific than the pleadings that the Second Circuit found insufficient in *Calcano*, 36 F.4th at 77.

15

Plaintiff's allegations that he discovered the Defendant's dispensary website "***as a result of a glowing recommendation by a close friend***", and that he visited the Defendant's website "***for the first time with a sighted relative***" are obviously implausible, because they are totally identical to his 24 Complaints and at least to 61 Complaints of 5 other plaintiffs as provided above.

Further, Plaintiff's assertion that he first discovered and visited the Defendant's Website with a sighted relative merely ***3 workdays*** before filing of the Complaint on October 4, 2024, is also clearly implausible.

If all of this sounds implausible, generic and boilerplate, that is because it is. Mr. Primitivo Robles — and his counsel, on behalf of other plaintiffs — has made a habit of filing such minimalist lawsuits with similar or identical non-specific claims, and identical allegations of facts.

To be sure, before *Calcano* some courts found that even such vague descriptions of website problems could be sufficient, in the context of a motion to dismiss, to "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While defendant would dispute that assessment even under ordinary circumstances, defendant respectfully suggests that this Court should look at these sorts of vague allegations with an even more jaundiced eye in the context of a serial ADA plaintiff who almost the same word- for-word allegations about dozens of different defendants.

In evaluating Plaintiff's claim of injury, "we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings." *Calcano*, 36 F.4th at 77. When "carbon-copy complaints" ... "use identical language to state the same conclusory allegations," courts can "draw on its judicial experience and common sense" to conclude that the claims of injury are not plausible. Id. at 75, 76 (ellipsis added and citations omitted); see also id. at 76 ("This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury."); *cf. Chavez v. L2 Liu Inc.,* 2021 WL 7368670, *2 (E.D.N.Y April 12, 2021) (reducing same Plaintiff's counsel's attorneys' fees to $1,500 in a default judgment entered in a ADA accessibility

case due to "cookie-cutter" complaint that was "almost identical" to other cases filed by Plaintiff's counsel which "contain significant copy and paste errors").

### III.    Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims must be.

In general, disability discrimination claims under the parallel city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) (failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claim in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

### IV.    Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL.

Even if Title III of the Americans with Disabilities Act covered defendant's intangible business, plaintiff would not be entitled to most of the relief he seeks. Plaintiff states that he seeks to recover "civil penalties and fines" pursuant to the NYCHRL. But he is not entitled to such. Civil penalties and fines under the NYCHRL are payable to the city, not to a private plaintiff. NYC Admin Code. Title 8, Ch. 1, § 8-127(a) .. ("Any civil penalties recovered pursuant to this *chapter shall be paid into the general fund of the city.")*

*Pla*intiff further seeks punitive damages, but the standard for obtaining that relief is high and cannot be met here. The New York Court of Appeals explained that punitive damages require conduct that "goes beyond mere negligence"; they are available only for those who have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of

17

the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017) (*quoting Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990)) (rejecting the notion that a mere showing of discrimination made punitive damages automatically available).

Here, Plaintiff has not pleaded any specific facts to support any such heightened standard. Indeed, other than a conclusory use of the word "willful," he does not allege anything to suggest that Defendant's purported website violations had a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." He does not, for instance, plead that Defendant refused to remedy violations after those violations were brought to Defendant's attention; he merely pleads that the violations occurred. (To be sure, plaintiff does *use* the word "refusal" in his complaint. But he pleads no *facts* to support that conclusory allegation.) Notably, in keeping with this law firm's scheme in bringing hundreds of these cookie cutter claims, Plaintiff does not claim to, and did not, contact Defendant in any manner with any concern prior to these lawyers filing the suit. But while those violations could be enough (if proved) to support liability for a violation of the applicable law, *Chauca* <u>expressly</u> rejected the notion that punitive damages are available "whenever liability, vicarious or direct, is demonstrated." *Id.* at 17. And if that is insufficient to support an award of punitive damages, then the conclusory alleging it is insufficient to satisfy the pleading burden, and the request for punitive damages must be dismissed. *See Suris v. Collive Corp.,* 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) (denying request for punitive damages because generic pleading of failure to make site accessible does not establish willful or wanton negligence or recklessness).

**V.    Plaintiff's request for declaratory judgment should be dismissed as redundant**.

In Fifth Cause of Action of his complaint, Plaintiff asserted a claim for declaratory judgment that defendant violated the ADA (42 U.S.C. §§ 12182, et seq.), and the NYCHRL (N.Y.C. Admin. Code § 8-107, et seq.) by failing to maintain an accessible website. But First Cause of Action of the complaint alleged that Defendant violated the ADA by failing to maintain an accessible website, Second, Third and Fourth Causes of Action of the complaint alleged that Defendant violated the NYCHRL by failing to maintain an accessible website. In short, Fifth Cause of Action raises exactly the same claims as Counts I and III, making it entirely redundant.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020), *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) (*quoting Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019) (internal quotation marks omitted) (collecting cases). The remedy to such redundant pleading is clear: "Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2nd Cir. 1993)  plaintiff can obtain no relief from Count III that he would not already obtain from Counts I and II. Accordingly, the Court should dismiss plaintiff Primitivo Robles' declaratory judgment claim.

<u>CONCLUSION</u>

The Second Circuit has expressly held that plaintiffs have to plead specific facts, rather than just boilerplate cut-and-paste identical complaints, in order to have Article III standing to assert claims under Title III of the Americans with Disabilities Act. Mr. Primitivo Robles did not do so, and Defendant respectfully requests that Plaintiff's Complaint should be dismissed.

Dated: December 6, 2024

                                        Respectfully submitted,

                                          By:   /s/ Michael Samuel
                                          THE SAMUEL LAW FIRM
                                          Michael Samuel (MS7997)
                                          1441 Broadway, Suite 6085
                                          New York, New York 10018
                                          (212) 563-9884
                                          michael@thesamuellawfirm.com
                                          Attorneys for Defendant