UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

PRIMITIVO ROBLES, Individually, and On
Behalf of All Others Similarly Situated,

                        Plaintiff,

      vs.

H.G. PUTNAM, INC.,

                    Defendant.

———————————————————————— x

Case No.: 1:24-cv-07548(JMF)(OTW)

ORAL ARGUMENT REQUESTED

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Arjeta Albani, Esq.
Joseph & Norinsberg, LLC
110 E . 59th Street , Suite 2300
New York, New York 10022
Tel. No.: Tel: (212) 791-5396
Fax No.: (212) 406-6890
Arjeta@employeejustice.com

*Attorney for Plaintiff*

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................................. 1

II.  STATEMENT OF FACTS ...................................................................................................... 4

III.  LEGAL STANDARDS ......................................................................................................... 5

  A.  STANDARD ON A MOTION PURUSANT TO FED. R. CIV. P. 12(B)(1) .............................. 5

  B. STANDARDS FOR ARTICLE III STANDING ......................................................................... 6

  C.  STANDARD ON A MOTION PURSUANT TO FED. R. CIV. P. 12(B)(6) .............................. 7

IV.  ARGUMENT ......................................................................................................................... 8

  A.  PLAINTIFF HAS STANDING TO BRING THE INSTANT CLAIM ..................................... 8

  B. PLAINTIFF'S ADA CLAIM IS PROPERLY STATED ......................................................... 14

  C. PLAINTIFF'S NYCHRL CLAIMS SHOULD BE SUSTAINED ........................................... 17

V.  CONCLUSION ..................................................................................................................... 18

## TABLE OF AUTHORITIES

<u>Cases</u>

*Allen v. Wright,* 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984) .......................................... 5

*Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381 (E.D.N.Y. 2017). ........................... 16, 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................. 14

*Bassaw v. United Indus. Corp.*, No. 19-CV-7759 (JMF), 2020 U.S. Dist. LEXIS 157800 (S.D.N.Y.

    Aug. 31, 2020). ...................................................................................................................... 5, 6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ........................................................................ 7, 14

*Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68 (2d Cir. 2022) .................................................. 10, 14

*Camacho v. Vanderbilt Univ.,* No. 18-CV-10694 (KPF), 2019 U.S. Dist. LEXIS 209202, 2019 WL

    6528974 (S.D.N.Y. Dec. 4, 2019). ...................................................................................... 10, 11

*Castillo v. Hudson Theatre, LLC,* 412 F. Supp. 3d 447 (S.D.N.Y. 2019) .......................................... 2

*Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816

    (S.D.N.Y. Nov. 22, 2022). ......................................................................................................... 14

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ................................................. 14

*Chauca v. Abraham,* 30 N.Y.3d 325 (2017) ............................................................................... 16, 17

*Davis v. Wild Friends Foods, Inc.*, No. 22-CV-4244, 2023 WL 4364465 (S.D.N.Y. July 5, 2023). 2,

    12

*Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251(S.D.N.Y.

    Dec. 20, 2017 ............................................................................................................................. 14

*Feltenstein v. City of New Rochelle,* 254 F. Supp. 3d 647 (S.D.N.Y. 2017) ............................... 10, 14

*Fontanez v. Valley Lahvosh Baking Co.,* No. 1:22-cv-5537 (MKV), 2023 U.S. Dist. LEXIS 149437

    (S.D.N.Y. Aug. 22, 2023). ........................................................................................................... 2

iv

*Gomez v. Gen. Nutrition Corp*., 323 F. Supp. 3d 514 (S.D.N.Y. 2018)............................................. 15

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) .............................................................. 5, 15

*Harty v. West Point Realty, Inc.,* 477 F. Supp. 3d 163 (S.D.N.Y. 2020) .................................... 10, 12

Jaquez v. Dermpoint, Inc., No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y. May

    20, 2021)................................................................................................................. 8, 15

*Jones v. Thomas*, 20-CV-5581 (LLS), 2020 U.S. Dist. LEXIS 156016 (S.D.N.Y. Aug. 27, 2020) ... 2

*Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184 (2d Cir. 2013). .................................................. 2

*Lanier v. Bats Exch., Inc.*, 838 F.3d 139 (2d Cir. 2016) ...................................................... 8

*Lopez v. Arby's Franchisor, LLC,* 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS 43838 (S.D.N.Y.

    Mar. 8, 2021) ......................................................................................................... 10

*McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92 (2d Cir. 2009). ........... 16

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) ..................... 16, 18

*Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007)...................... 16, 19

*Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). ...................... 5

*Pallozzi v. Allstate Life Ins. Co*., 198 F.3d 28, (2d Cir. 1999). ......................................................... 15

*PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001)................................................................................. 11

*Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist. LEXIS 165400

    (S.D.N.Y. Sept. 13, 2022) ......................................................................................... 9

*Romero v. Zip Top*, LLC, 20-cv-10189 (LJL) (S.D.N.Y. Aug. 13, 2021)........................................... 2

*Sanchez v. NutCo, Inc.,* No. 20-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22,

    2022)…………………………………………………………………………………………5, 9

*Sanchez v. Welcome Skateboards, Inc*., 1:21-cv-2598 (KPF) (S.D.N.Y., Jan. 27, 2022) .............. 2, 7

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). .................................. 6, 10

*Sullivan v. Study.com LLC,* 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21,

    2019) ............................................................................................................................... 6, 7

*Thorne v. Boston Mkt. Corp.*, 469 F. Supp. 3d 130, 139 (S.D.N.Y. 2020). ...................................... 15

*Thorne v. Formula 1 Motorsports, Inc.,* 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080,

    (S.D.N.Y. Dec. 19, 2019); .................................................................................................. 6, 7, 15

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204-05 (2021) .................................................... 5, 11

*Walters v. Fischer Skis U.S., LLC,* 6:21-cv-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148

    (N.D.N.Y. Aug. 10, 2022) ..................................................................................................... 9, 10

**Statutes**

28 U.S.C. § 1367(c) .................................................................................................................... 17

42 U.S.C. § 12101(a)(1) ............................................................................................................. 11

42 U.S.C. § 12182(b)(2)(A)(i) ...................................................................................................... 14

42 U.S.C. § 12182(b)(2)(A)(ii) ................................................................................................ 2, 14

42 U.S.C. § 12182(b)(2)(A)(iv) ................................................................................................... 17

N.Y.C. Admin. Code § 8-101 et seq .............................................................................................. 1

N.Y.C. Admin. Code § 8-107(4)(a) ............................................................................................. 18

**Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 7, 14

Plaintiff Primitivo Robles ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant HG Putnam Inc. d/b/a Hudson Valley Hemp's ("Defendant") motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As detailed below, Defendant's motion should be denied in its entirety because Plaintiff has properly alleged standing under the Americans with Disabilities Act ("ADA") and has stated viable claims for relief under both federal and state law.

## I.    PRELIMINARY STATEMENT

Plaintiff Primitivo Robles ("Plaintiff") brings his claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. The instant putative Class Action Complaint ("Complaint") properly pleads a cause of action under the Americans with Disabilities Act of 1990 ("ADA"). The Complaint pleads with specificity: (i) the dates Plaintiff visited the website – September 28 and 29, 2024 (Complaint at ¶¶ 27, 32); (ii) what Plaintiff was prevented from accomplishing – namely, accessing information about "origin, strain type, and in some cases, the THC and CBD content" of Defendant's "THCV Gummies 25mg," which Plaintiff understood to have properties that help with "creativity," "energy," "focus," "depression," and "inspiration," as well as alleviating moderate pain from migraine headaches (Complaint at ¶¶ 28, 31); (iii) the specific accessibility barriers that prevented Plaintiff from completing a purchase as a sighted customer would – including the lack of alternative text for descriptive elements of Defendant's THCV Gummies 25mg (Complaint at ¶¶ 31, 32); and (iv) Plaintiff's intent to use the website in the future – "[t]o explore and purchase from the broad array of products offered by Defendant with the goal to identify the most suitable products (whether marijuana or related products) in order to ease the symptoms caused by the Retinitis Pigmentosa." (Complaint at ¶ 38).

These allegations are sufficient to sustain the Complaint's ADA and New York City Human

Rights Law ("NYCHRL") causes of action. *See Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv-2598 (KPF) (S.D.N.Y., Jan. 27, 2022); *Davis v. Wild Friends Foods, Inc.*, 22-cv-04244 (LJL) (July 5, 2023) (denying motion to dismiss upon the same grounds as alleged here).

Since the Complaint satisfies the relevant pleading standards, Defendant's Motion to Dismiss proposes two red herring arguments that have already been rejected in the past by numerous courts within the Second Circuit.

First, Defendant argues that the Complaint has not met its burden because Plaintiff did not request accommodations before filing suit. However, Plaintiff is not required to make a reasonable accommodation request. The ADA places the burden on owners to actively remove barriers and promote equal access for all patrons. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 189 (2d Cir. 2013). Congress enacted the ADA as a "clear and comprehensive national mandate to eliminate discrimination against disabled individuals." *Id.* at 188. Under the ADA, a plaintiff may base a disability discrimination claim on any of three theories: (i) intentional discrimination (disparate treatment); (ii) disparate impact; or (iii) failure to make a reasonable accommodation. *See Jones v. Thomas*, 20-CV-5581 (LLS), 2020 U.S. Dist. LEXIS 156016, at *7 (S.D.N.Y. Aug. 27, 2020). Only the last theory requires a plaintiff to request accommodation under 42 U.S.C. § 12182(b)(2)(A)(ii). *Id.*; *see also Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 450 (S.D.N.Y. 2019).

Second, Defendant attempts to undermine Plaintiff's standing by arguing that he is a "serial litigant." This argument is legally irrelevant and has been characterized as "unbecoming name calling." *See Sanchez v. Welcome Skateboards*, No. 21-CV-2598 (S.D.N.Y. Jan. 7, 2022) [ECF No. 35]; *Fontanez v. Valley Lahvosh Baking Co.*, No. 1:22-cv-5537 (MKV), 2023 U.S. Dist. LEXIS 149437, at *8 n.4 (S.D.N.Y. Aug. 22, 2023). As noted by the Hon. Liman in *Romero v. Zip Top, LLC*, 20-cv-10189 (LJL) (S.D.N.Y. Aug. 13, 2021) [ECF No. 27], filing multiple ADA complaints

"is not necessarily problematic" and may be "what Congress intended when it provided for attorneys' fees and thereby made plaintiffs private attorneys general vindicating a policy that Congress considered of the highest priority." [1]

The Complaint properly pleads a cause of action under the ADA with the requisite specificity, detailing: (i) the dates of website visits; (ii) what Plaintiff was prevented from accomplishing; (iii) the specific accessibility barriers encountered; and (iv) Plaintiff's intent to use the website in the future once it is made accessible. These allegations are sufficient to sustain the Complaint's ADA and NYCHRL causes of action.

Due to the aforementioned access barriers, Plaintiff was unable to complete his search and purchase desired products and services. Defendant's denial of full and equal access to the Website has caused Plaintiff to suffer a concrete and particularized injury. Plaintiff has been, and in the absence of an injunction, will continue to be injured by Defendant's failure to provide accessible online content and services.

Despite this harm, Plaintiff intends to access the Website again following remediation. Plaintiff aims to explore and purchase products that could potentially ease symptoms caused by Retinitis Pigmentosa, which has caused blurry vision, substantial vision loss, and constant headaches. Plaintiff chose Defendant's website, www.hudsonvalleyhemp.com, based on online research indicating the company's reputation and cost-effective products that may alleviate his

---

[1] Courts in the Southern District concur that litigation history is neither factually nor legally relevant to Plaintiff's standing.  "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical." *Dominguez v. Grand Lux Café LLC,* No. 19-cv-10345 (MKV), 2020 U.S. Dist. LEXIS 109679, at \*11 (S.D.N.Y. June 22, 2020); *see also Camacho v. Vanderbilt Univ.,* 18 Civ. 10694 (KPF), 2019 U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 4. 2019) ("[a plaintiff] does not lack standing merely because he believes he has been similarly injured by other defendants]."); ("[T]his fact does not affect the Court's analysis… It is by no means difficult to imagine that a wheelchair-bound New York City resident encounters illegal barriers to access at many places of public accommodation on a regular basis or that such a person would continue to use the attorney with whom she has a relationship when trying to make New York more accessible for all."); *Cf. Calcano v. Swarovski N. Am Ltd.,* 2022 U.S. App. Lexis 15177 at \*16-\*17, (2d Cir. June 2, 2022) (finding plaintiff's frequent filings implausible where they produced errors, oddities and omissions in the complaints, such as a plaintiff's assertion they would return to a Kohls store that did not exist, or that Banana Republic, a clothing retailer, sold food. There are not similar pleading errors here.).

ailments.

## II.    STATEMENT OF FACTS

Defendant HG PUTNAM INC. is a New York corporation that owns and maintains a dispensary in Mahopac, New York, and owns & maintains the concomitant website, www.hudsonvalleyhemp.com (hereinafter the "Website"). The products Defendant offers on the Website include a variety of "high quality CBD and hemp-related products available today." (Complaint at ¶¶ 1, 2). Plaintiff is a visually-impaired and legally blind person who uses screen-reading software in order to read website content on her personal computer. (Complaint at ¶¶1, 14). Plaintiff visited the Website, recommended by very close friends, on September 28, 2024, and September 29, 2024, seeking information about various products offered by Defendant and to purchase Defendant's "THCV Gummies 25mg, which Plaintiff understood to contain properties that helps the user with "creativity," "energy," "focus," "depression," and "inspiration." (Complaint at ¶¶ 26-28, 32).

Plaintiff, however, was unable to successfully complete his search and purchase because the Website was not compliant with ADA accessibility standards, containing multiple access barriers that denied Plaintiff full and equal access to the products and services offered.  (Complaint at ¶¶4, 24, 25).  These barriers include, without limitation:  17 'Level A' Issues on 171 pages, & 5 'Priority 1' Issues on 166 pages, which included a plethora of "Broken Links," "Empty Aria Elements Absent Accessible Names," "Links without Accessible Names," "Empty Buttons," "Redundant Alternative text," and "Skipped Heading Levels," amongst numerous other barriers. (Complaint at ¶¶ 21, 28, 30, 32, 33).

Despite this direct harm and frustration, Plaintiff is determined to access this Website again – following their remediation. Plaintiff's aim is to explore and purchase from the broad array of products offered by Defendant with the goal to identify the most suitable products (whether

marijuana or related products) which could potentially ease the symptoms caused by the Retinitis
Pigmentosa, which has been causing blurry vision in his left eye, substantial vision loss in his right
eye, and constant headaches with migraine level pain. Plaintiff intends to utilize the services of
Defendant and their Website, www.hudsonvalleyhemp.com, because he has in the past utilized
similar websites that took advantage of his physical condition by failing to send the ordered products
or if sent, the desired product would not be the one advertised. Plaintiff's online research revealed
that this company is one of the most-reputable ones and their products are extremely cost effective.
(Complaint at ¶¶ 37, 38).

### III.    LEGAL STANDARDS

The Second Circuit cautions against prematurely dismissing civil rights complaints. *See*
*Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). As a remedial statute, the ADA must be broadly
construed to effectuate its purpose. *Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d
63, 68 (2d Cir. 2012). Similarly, in reviewing standing under the ADA, a broad view of constitutional
standing is appropriate because private enforcement suits are the primary method of obtaining
compliance with the Act. See *Sanchez v. NutCo, Inc.,* No. 20-CV-10107 (JPO), 2022 U.S. Dist.
LEXIS 51247 (S.D.N.Y. Mar. 22, 2022)(citations omitted).  Courts must afford due respect to
Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a
plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or
obligation, including the injury of discriminatory treatment. *See TransUnion LLC v. Ramirez*, 141
S. Ct. 2190, 2204-05 (2021) (*citing Allen v. Wright,* 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556
(1984)).

### A.  STANDARD ON A MOTION PURUSANT TO FED. R. CIV. P. 12(B)(1)

On a Rule 12(b)(1) motion, courts must "take all facts alleged in the complaint as true and
draw all reasonable inferences in favor of plaintiff." *Bassaw v. United Indus. Corp.,* No. 19-CV-

7759 (JMF), 2020 U.S. Dist. LEXIS 157800, at *4 (S.D.N.Y. Aug. 31, 2020). For Article III standing, a plaintiff must show a concrete and particularized injury that is actual or imminent. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548 (2016).

To satisfy standing in an ADA website accessibility action, a complaint must allege certain facts, including: (i) when plaintiff attempted to access the website; (ii) what plaintiff was attempting to accomplish on the website; (iii) the specific barriers that prevented plaintiff from gaining access; and (iv) how plaintiff intends to utilize the website in the future. *See Welcome Skateboards,*

Likewise, the elements to plead a claim under the NYCHRL in a website-accessibility action are substantively similar to the elements in an ADA claim. The NYCHRL is given an "independent liberal construction analysis in all circumstances" given its similar wording to the ADA, as well as the fact that "federal and state civil rights laws provide a floor below which the City's Human Rights law cannot fall." *Thorne v. Formula 1 Motorsports, Inc.,* 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *7 (S.D.N.Y. Dec. 19, 2019); *see also Sullivan v. Study.com LLC,* 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) ("The NYCHRL [is] governed by the same legal standards that courts apply to ADA disability discrimination claims") (citations omitted). Thus, it follows perforce, that because the Complaint properly pleads a claim under the ADA, it also properly states a claim under the NYCHRL. *Id.*

### B. STANDARDS FOR ARTICLE III STANDING

A plaintiff pleads a sufficient injury for Article III standing by "show[ing] that he suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. . . [a]n injury is concrete when it actually exists or, put another way, when it is real rather than abstract. Notably, this is a low threshold, and the plaintiff need not be capable of sustaining a valid

cause of action." *Bassaw*, 2020 U.S. Dist. LEXIS 157800, at *6.

To satisfy standing in an ADA website accessibility action, a complaint must allege certain facts, including: (i) when plaintiff attempted to access the website; (ii) what plaintiff was attempting to accomplish on the website; (iii) the specific barriers that prevented plaintiff from gaining access; and (iv) how plaintiff intends to utilize the website in the future. See *Welcome Skateboards,* Ex. A to the *Kroub* Decl., at 10:15-21. Likewise, the elements to plead a claim under the NYCHRL in a website-accessibility action are substantively similar to the elements in an ADA claim. The NYCHRL is given an "independent liberal construction analysis in all circumstances" given its similar wording to the ADA, as well as the fact that "federal and state civil rights laws provide a floor below which the City's Human Rights law cannot fall." *Thorne v. Formula 1 Motorsports*, Inc., 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *7 (S.D.N.Y. Dec. 19, 2019); see also *Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) ("The NYCHRL [is] governed by the same legal standards that courts apply to ADA disability discrimination claims") (citations omitted). Thus, it follows perforce, that because the Complaint properly pleads a claim under the ADA, it also properly states a claim under the NYCHRL. Id.

### C. STANDARD ON A MOTION PURSUANT TO FED. R. CIV. P. 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Nutco,* 2022 U.S. Dist. LEXIS 51247 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A plaintiff properly pleads such facial plausibility by including "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at *15. All reasonable inferences are drawn in the plaintiff's favor. Id. The court's review is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits and any documents incorporated in the complaint by reference." Id. To survive dismissal, a "plaintiff must provide the

grounds upon which his claims rest through factual allegations sufficient to raise a right to relief above the speculative level." *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016) (internal citations omitted).

### IV.   ARGUMENT

#### A.  PLAINTIFF HAS STANDING TO BRING THE INSTANT CLAIM

Plaintiff has properly established standing. The Complaint meets each of these requirements by describing in detail:

(i) when Plaintiff visited the Website: September 28, September 29, 2024 (Complaint at ¶¶ 2, 24);

(ii) what Plaintiff was attempting to accomplish: trying to discover information and purchase "THCV Gummies 25mg." (Complaint at ¶¶ 2, 3, 24);

(iii) the specific website functions that prevented Plaintiff from gaining access: "17 'Level A' Issues and 5 'Priority 1' Issues." These issues encompass broken links, empty ARIA elements, links without accessible names, empty buttons, redundant alternative text, and skipped heading levels. (Complaint at ¶¶ 33, 34); and

(iv) how Plaintiff intends on utilizing the website in the future: he intends to return to the website to purchase products that would potentially rid Plaintiff of his ailments. (Complaint at ¶ 38).

Moreover, pleading specific digital barriers is sufficient to plead an injury. In *Dermpoint,* the Court denied defendant's motion to dismiss and found an actionable injury where the website contained the following deficiencies: (i) a failure to describe the contents of graphical images; (ii) failure to properly label titles; (iii) a failure to distinguish one page from another; (iv) pages

containing multiple broken links and inaccurate headings; (v) an inability to add items to the online shopping cart; and (vi) the website accessibility icon was too hard to find. See 2021 U.S. Dist. LEXIS 96067, at *4-*5; *Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist. LEXIS 165400, at *4 (S.D.N.Y. Sept. 13, 2022) ("Injury-in fact is satisfied here…[f]urthermore, the plaintiff alleges that he would use the website in the future were the website made accessible. The plaintiff has therefore suffered an actual injury that is both concrete…and particularized, insofar as the plaintiff himself has attempted to access the website."); *see also Nutco,* 2022 U.S. Dist. LEXIS  51247, at *5; see also *Walters v. Fischer Skis U.S., LLC,* 6:21-cv-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *9 (N.D.N.Y. Aug. 10, 2022) (finding plaintiff suffered an injury by being denied access to the "Remember" and "Compare" buttons, cart confirmation window, and "Freeride" product page defendant's website.)

The Complaint specifically lists similar access barriers to those recognized in both *Dermpoint* and *Nutco.* Specifically, the Complaint pleads that the Website contained site elements, such as the website search function, and inability to indicate the screen readers focus, that were not properly labeled by Defendant to integrate with Plaintiff's screen reader. (Complaint at ¶4, 24). Detailing the barriers and how the "website [is] not compatible with [plaintiff's] screen reading software" is sufficient to state both an injury and how it is traceable to a defendant's conduct. *Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5.  Given the similarity of the barriers pled in the Complaint to the barriers alleged in *Dermpoint, Nutco,* and *Welcome Skateboards,* Defendant's argument regarding failure to plead an injury is unavailing.

Indeed, these barriers caused Plaintiff's a concrete injury – specifically, deterrence from purchasing a product, an inability to make an informed choice, and unequal treatment resulting from delay.  A concrete injury is not necessarily synonymous with a tangible injury. *See Lopez v. Arby's Franchisor, LLC,* 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS 43838, at *6 (S.D.N.Y. Mar. 8,

2021) (*citing Spokeo*, 136 S. Ct. at 1549).  Similarly, in *Camacho, 2*019 U.S. Dist. LEXIS 209202

at *26, Judge Failla found that plaintiff there pled a concrete injury (namely, "deterrence") where:

> [Plaintiff] was unable to access certain portions of the Website's publicly available content
> because of his disability. Specifically, Plaintiff states that he was unable to navigate the
> Website because its navigation tabs were incompatible with his screenreading software, and
> unable to utilize the Website's net price calculator because that page was also incompatible
> with his screen-reading software. Plaintiff has also alleged that the Website's access barriers
> regularly deter him from accessing the website. The Second Circuit has made clear that
> deterrence constitutes an injury under the ADA.

This injury of deterrence is repeatedly pled throughout the Complaint. (Complaint at ¶¶11,

26).  Likewise, a plaintiff that cannot make an informed choice about the products suffers a real

threat of future harm. *See Harty v. W. Point Realty, Inc.,* 477 F. Supp. 3d 163, 169-170 (S.D.N.Y.

2020). This too is noted in the Complaint. (Complaint at ¶4(a)).  Similarly, plaintiffs suffer the injury

of unequal treatment under the ADA when barriers render their use of a public accommodation more

difficult or burdensome than for non-disabled individuals. *See Feltenstein v. City of New Rochelle,*

254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017). Plaintiff likewise suffered this injury as a result of the

delays caused by the deficiencies in the website's ability to indicate the screen reader's focus.

(Complaint at ¶4(b)).

Moreover, a plaintiff who alleges that he visited the website multiple times and has not been

able to access its content supports the inference of an ongoing injury and that discriminatory

treatment will continue. *Fischer Skis U.S., LLC*, 2022 U.S. Dist. LEXIS 142148, at *10-*11 (citing

*Camacho*, 2019 U.S. Dist. LEXIS 209202, at *24). The Complaint likewise pleads this. (Complaint

at ¶¶11, 26).

Defendant argues that Plaintiff's allegations of intent to return to the website are not

sufficiently concrete or detailed. However, the Second Circuit has held that to satisfy the concrete-

harm requirement and pursue injunctive relief, plaintiffs must establish a "material risk of future

harm" that is "sufficiently imminent and substantial." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th

68, 72 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021)). Here, the allegations, read in totality, sufficiently demonstrate Plaintiff's intent to return to Defendant's website. Plaintiff already returned once to the website on September 29, 2024, to try to complete his purchase (Complaint at 13 ¶ 30). Plaintiff alleges that he "would still like to return to the Website to browse and potentially purchase several other products which would aid his ailments once such information is made accessible to him and intends to do so once the site is made accessible" (Complaint at ¶ 32). Thus, Plaintiff has satisfied the Second Circuit's requirements by specifying when he intends to return to the website (i.e., when the alleged accessibility issues are remediated) and for what purpose (i.e., to purchase the product he originally tried to buy). This is sufficient to evince Plaintiff's intent to return to the website for the standing analysis. *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694 (KPF), 2019 U.S. Dist. LEXIS 209202, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019). This is consistent with the "broad mandate" of the ADA, *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001), to ensure that disabled people are able to "fully participate in all aspects of society..." 42 U.S.C. § 12101(a)(1).

These allegations demonstrate concrete injury sufficient for standing under the ADA. Moreover, Plaintiff has provided additional context for his interest in Defendant's products. He explains that the Website itself "[p]rovided basic information about most of the products, including origin, strain type, and in some cases, the THC and CBD content" (Complaint at ¶ 30). The Complaint further alleges that, "This level of detail was not only informative but also crucial for the Plaintiff, who relies on specific strains to manage his ailments" (Complaint at ¶ 30). However, despite the Website's apparent thoroughness and transparency, Plaintiff encountered significant accessibility barriers that prevented him from fully utilizing its services when he attempted to access the site independently to discover crucial information regarding the presence of any contraindications. This has not only limited his ability to make informed decisions but also infringed

11

on his rights as a consumer and individual with a disability (Complaint at ¶¶ 25-26).

Plaintiff further alleges that he is not satisfied with the quality of other ordinary dispensaries. Plaintiff's aim is to explore and purchase from the broad array of products offered by Defendant with the goal to identify the most suitable products which could potentially ease the symptoms caused by his Retinitis Pigmentosa. This condition has been causing blurry vision in his left eye, substantial vision loss in his right eye, and constant headaches with migraine level pain. Plaintiff intends to utilize the services of Defendant and their Website, www.hudsonvalleyhemp.com, because his online research revealed that this company is one of the most reputable and their products are extremely cost-effective and contain thousands of related products which may potentially alleviate his ailments. These specific allegations bolster Plaintiff's claim of concrete injury and intent to return to the Website once it is made accessible.

The Complaint also details the results of a comprehensive accessibility audit conducted on September 30, 2024, which revealed multiple violations of the Web Content Accessibility Guidelines (WCAG) (Complaint at ¶ 34). This audit provides objective evidence of the barriers Plaintiff encountered, further supporting his standing to bring this action.

Defendant argues that Plaintiff's status as a serial litigant undermines his standing. However, courts have consistently held that a plaintiff's litigation history does not automatically negate standing in ADA cases. The Second Circuit has recognized that "testers" can have standing if they demonstrate an Article III injury. See *Harty v. West Point Realty, Inc*., 28 F.4th 435, 444 n.3 (2d Cir. 2022) ("[T]esters can have standing if they have suffered an Article III injury in fact."). The fact that Plaintiff has filed multiple ADA lawsuits "may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet." *Davis v. Wild Friends Foods, Inc.*, No. 22-CV-4244, 2023 WL 4364465, at *4 (S.D.N.Y. July 5, 2023). As long as Plaintiff has alleged a concrete and particularized injury, which he has done here, his litigation

history does not defeat standing.

Defendant further contends that the similarity of allegations across multiple complaints filed by Plaintiff undermines the plausibility of his injury-in-fact. However, the Second Circuit has specifically addressed this issue, noting that while "carbon-copy complaints" and "Mad-Libs-style complaints" may inform the plausibility analysis, they do not automatically defeat standing where concrete injury is properly alleged. *Calcano v. Swarovski North America Limited,* 36 F.4th 68, 77 (2d Cir. 2022). The court emphasized that this "backdrop of Plaintiffs' Mad-Libs-style complaints" should be considered in conjunction with the specific allegations of injury.

In this case, even if some allegations appear similar to those in other complaints, this does not negate Plaintiff's standing. The Complaint contains specific details about the actual barriers encountered on Defendant's website, including broken links, empty ARIA elements, and inaccessible buttons. Moreover, the comprehensive accessibility audit revealed concrete technical violations, providing objective evidence of the barriers Plaintiff faced. These specific allegations, coupled with Plaintiff's detailed explanation of his interest in Defendant's products, demonstrate a concrete and particularized injury sufficient to establish standing, regardless of any similarities to other complaints.

Thus, Plaintiff has stated disability discrimination claims upon which relief can be granted under the ADA. Because the standards for the city claims are treated as coextensive or more liberal than the ADA standard, Plaintiff necessarily states a claim under the other statute. *Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816 (S.D.N.Y. Nov. 22, 2022).

In light of the foregoing, Plaintiff has sufficiently alleged standing, warranting denial of Defendant's motion to dismiss.

**B. PLAINTIFF'S ADA CLAIM IS PROPERLY STATED**

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002). However, this principle does not apply to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The ADA defines discrimination to include:

[T]he imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C.S. § 12182(b)(2)(A)(i).

Discrimination under the ADA is also defined to include:

[F]ailure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C.S. § 12182(b)(2)(A)(ii).

The Complaint properly pleads the first two theories as well as separate causes of action under 42 U.S.C. § 12182(b)(1)(A)(i)-(ii) of the ADA. (Complaint at ¶¶ 41-42). Thus, Defendant's assertion that Plaintiff has failed to properly plead an injury lacks merit.

Courts have found that a single encounter with an accessibility barrier constitutes unlawful discrimination under the ADA if it impairs a plaintiff's full and equal access. *See Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017). The standard for a valid claim under Title III of the ADA is equal access to the public accommodation. *See Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251, at *19 (S.D.N.Y. Dec. 20, 2017); *see also*

*Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32 (2d Cir. 1999).

As noted in the Complaint, the barriers on Defendant's website prevented Plaintiff's full and equal access to purchasing Defendant's products and services, including their "THCV Gummies 25mg" (Complaint at ¶¶ 12, 30, 31). This is sufficient to show discrimination under the ADA. *See Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *5 (S.D.N.Y. May 20, 2021).

For an ADA claim, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff by denying a full and equal opportunity to enjoy the services the defendant provides. *Thorne v. Boston Mkt. Corp.*, 469 F. Supp. 3d 130, 139 (S.D.N.Y. 2020). Courts in the Second Circuit have consistently held that websites qualify as places of public accommodation under the ADA. *See Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *2 (S.D.N.Y. Dec. 19, 2019).

In website accessibility claims, a plaintiff must allege: (a) the specific barriers encountered on the website; (b) how those barriers affected the plaintiff's ability to access the goods or services offered; and (c) that removing these barriers is readily achievable. *See Gomez v. Gen. Nutrition Corp.*, 323 F. Supp. 3d 514, 517 (S.D.N.Y. 2018).

Plaintiff satisfies these elements. He is legally blind due to Retinitis Pigmentosa (Complaint at ¶¶ 1, 25). Defendant's website is a place of public accommodation (Complaint at ¶¶ 20-21). The Complaint details multiple accessibility barriers that denied Plaintiff full and equal access to Defendant's goods and services (Complaint at ¶ 34). Plaintiff specifically alleges that these barriers prevented him from independently navigating the Website and accessing Defendant's goods and services in the same manner as sighted individuals (Complaint at ¶ 32).

Defendant's argument regarding the short timeline between Plaintiff's website visits and the

15

filing of this lawsuit is without merit. The Second Circuit has cautioned against prematurely dismissing civil rights complaints based on timing issues. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

The Complaint contains specific, well-pleaded allegations about the barriers encountered, supported by a comprehensive accessibility audit conducted on September 30, 2024 (Complaint at ¶ 34). These detailed allegations provide a strong factual basis for Plaintiff's claims.

Defendant's argument that Plaintiff is not entitled to civil penalties or punitive damages under the NYCHRL is premature at the motion to dismiss stage. The NYCHRL allows for punitive damages in cases of willful or wanton negligence or recklessness. *See Chauca v. Abraham*, 30 N.Y.3d 325, 334 (2017). Plaintiff has alleged that Defendant's conduct was willful and intentional (Complaint at ¶ 41), which is sufficient at this stage to maintain a claim for punitive damages.

Defendant's contention that Plaintiff's request for declaratory judgment is redundant is also without merit. Courts have recognized that declaratory relief can serve a useful purpose in ADA cases. *See Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1215 (N.D. Cal. 2007).

The NYCHRL must be construed broadly in favor of discrimination plaintiffs, even more so than the ADA. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). The same barriers supporting Plaintiff's ADA claim constitute violations of the NYCHRL. *See Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 404 (E.D.N.Y. 2017).

Defendant also erroneously argues that Plaintiff was required to notify them of alleged accessibility issues before filing suit. This argument fails for two reasons. First, it misinterprets the law. The notification requirement applies to claims of failure to make reasonable accommodation, not to accessibility cases like this one. See *McBride v. BIC Consumer Products Manufacturing Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009). Second, the ADA places the burden on businesses to proactively

remove barriers and provide equal access, not on disabled individuals to address each barrier individually. See 42 U.S.C. § 12182(b)(2)(A)(iv).

Thus, Plaintiff has properly established standing and stated viable claims under both the ADA and NYCHRL. The Complaint contains well-pleaded allegations of specific accessibility barriers that denied Plaintiff full and equal access to Defendant's website. These allegations, taken as true at this stage, are sufficient to withstand Defendant's motion to dismiss. Accordingly, Plaintiff's claims should be sustained, and Defendant's motion to dismiss should be denied in its entirety.

### C. PLAINTIFF'S NYCHRL CLAIMS SHOULD BE SUSTAINED

Defendant's arguments for dismissing Plaintiff's NYCHRL claims lack merit for several reasons. First, Defendant contends that the Court should decline supplemental jurisdiction over the NYCHRL claims if the ADA claim is dismissed. However, Plaintiff has adequately stated an ADA claim, rendering this argument moot. Even if the ADA claim were dismissed, the Court has discretion to retain jurisdiction over state law claims under 28 U.S.C. § 1367(c). Given the litigation's advanced stage and judicial economy interests, the Court should maintain jurisdiction over the NYCHRL claims.

Second, Defendant's argument against civil penalties and punitive damages is premature at the motion to dismiss stage. The NYCHRL permits punitive damages for willful or wanton negligence or recklessness. *Chauca v. Abraham,* 30 N.Y.3d 325, 334 (2017). Plaintiff has alleged Defendant's conduct was willful and intentional (Complaint at ¶ 41), which suffices to maintain punitive damages claim at this stage. The appropriateness of such damages is a factual issue unsuitable for resolution on a motion to dismiss.

Third, Defendant's claim that the request for declaratory judgment is redundant is unfounded. Courts recognize declaratory relief's utility in ADA cases for clearly establishing parties' rights and

17

obligations (e.g., *Nat'l Fed'n of the Blind v. Target Corp.,* 582 F. Supp. 2d 1185, 1215 (N.D. Cal. 2007)). The declaratory judgment claim provides an additional relief basis and should not be dismissed as redundant at this early stage.

Furthermore, the NYCHRL must be construed broadly in favor of discrimination plaintiffs, even more so than the ADA. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). The barriers supporting Plaintiff's ADA claim also constitute NYCHRL violations, which offers broader protections. Courts consistently allow website accessibility claims to proceed under the NYCHRL when they adequately allege ADA violations, as Plaintiff has done here. *Andrews v. Blick Art Materials, LLC,* 268 F. Supp. 3d 381, 404 (E.D.N.Y. 2017).

Plaintiff has alleged denial of full and equal access to Defendant's website due to his disability, which suffices to state a NYCHRL claim. N.Y.C. Admin. Code § 8-107(4)(a). The Complaint's specific alleged barriers, including broken links, empty ARIA elements, and inaccessible buttons, constitute access denial under the NYCHRL. These allegations, accepted as true at this stage, are sufficient to withstand Defendant's motion to dismiss the NYCHRL claims.

In conclusion, Plaintiff has established standing and stated viable claims under both the ADA and NYCHRL. The Complaint contains well-pleaded allegations of specific accessibility barriers denying Plaintiff full and equal access to Defendant's website. These allegations, taken as true at this stage, suffice to withstand Defendant's motion to dismiss. Accordingly, Plaintiff's NYCHRL claims should be sustained, and Defendant's motion to dismiss these claims should be denied in its entirety.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss in its entirety. Plaintiff has properly established Article III standing by demonstrating concrete injury through his encounters with specific accessibility barriers on Defendant's website. The Complaint contains well-pleaded allegations establishing all elements

required for claims under the ADA, NYCHRL, and related state laws. Plaintiff has adequately alleged when he attempted to access the website, what he was attempting to accomplish, the specific barriers that prevented access, and his intent to return to the website once these barriers are removed. These allegations, taken as true at this stage of the proceedings, are more than sufficient to withstand Defendant's motion to dismiss. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety and allow this case to proceed to discovery.

Dated: New York, New York
       January 3, 2025

                                                Arjeta Albani, Esq.
                                                Joseph & Norinsberg, LLC
                                                *Attorneys for Plaintiff*
                                                110 E . 59th Street , Suite 2300
                                                New York, New York 10022
                                                Tel. No.: Tel: (212) 791-5396
                                                Fax No.: (212) 406-6890
                                                Arjeta@employeejustice.com