UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIMITIVO ROBLES, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>- *vs.* –<br><br>HG PUTNAM INC d/b/a HUDSON VALLEY HEMP,<br><br>*Defendant.* | DOCKET NO. 1:24-cv-07548 (JMF) (OTW) |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

 

THE SAMUEL LAW FIRM
Michael Samuel (MS-7997)
1441 Broadway, Suite 6085
New York, NY 10018
Tel: (212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Defendant*

## **TABLE OF CONTENTS**

 Page

INTRODUCTION ................................................................................................................. 1

LEGAL ARGUMENT ........................................................................................................... 2

   I.    Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact ............................................................................................................. 2

   II.   The complaint should be dismissed for failing to state a claim upon which relief can be granted ....................................................................................................... 5

   III.  The complaint should be dismissed for the broader context of Plaintiff's transparent cut-and-paste and fill-in-the-blank pleadings ........................................... 8

   IV.  Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims as his ADA claims must be ............................................................................. 9

   V.   Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL ................................................................................... 9

   VI.  Plaintiff's request for declaratory judgment should be dismissed as redundant ......... 11

CONCLUSION ...................................................................................................................... 12

TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                                <u>Pages</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................... 6

*ATSI Communications, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87 (2nd Cir.2007) ................................ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............. 6

*Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022) ........................... 2, 4, 8

*Calcano v. Cole Haan LLC*, No. 19 CIV. 10440 (AT), 2021 WL 849434 ....................................... 5

*Chauca v. Abraham*, 30 N.Y.3d 325, 89 N.E.3d 475 (2017)......................................................... 10

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)................................................... 6

*Culwick v. Wood*, 384 F. Supp. 3d 328 (E.D.N.Y. 2019) .............................................................. 11

*Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 385 (S.D.N.Y. 2009)* ................................... 6

*Harty v. W. Point Realty, Inc*., 28 F.4th 435, 442 (2nd Cir. 2022).................................................. 9

*Home Ins. Co. v. American Home Prods. Corp*., 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930
          (1990) .............................................................................................................................. 10

*In re Orion Pictures Corp*., 4 F.3d 1095 (2nd Cir. 1993) .............................................................. 12

*Jaquez v. Aqua Carpatica USA, Inc*., 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021)....................... 5

*Kleeberg v. Eber*, 2020 WL 4586904 (S.D.N.Y. Aug. 10, 2020),
       *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021)..................... 11

*Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118 (2nd Cir. 2006).......................................... 9

*Loadholt v. Dungarees, Inc., No.* 22-CV-4699, 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023) .......... 4

*Loadholt v. Oriental-Decor.com Inc.*, No. 22-CV-8205, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) .... 5

*Martin v. Second Story Promotions, Inc.,* No. 22-CV-10438, 2024 WL 775140, at *3
         (S.D.N.Y. Feb. 26, 2024) ................................................................................................... 4

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007) ....................................... 6

*Parker v. Columbia Pictures Indus*., 204 F.3d 326 (2nd Cir. 2000) ................................................ 9

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) .......................... 9

Romero v. Zip Top, LLC, 20-cv-10189 (LJL) (S.D.N.Y. Aug. 13, 2021) [ECF No. 27] ................. 2

*R&R adopted*, No. 22-CV-8205, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024) .............................................. 5

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ................................................................ 5, 9

*Suris v. Collive Corp.,* 2022 WL 542987 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) ......................................... 11

*Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022) ................................... 3

<u>Statues and Rules</u>

28 U.S.C. § 1367(c) ………………………………………………………………………………… 9

42 U.S.C. §§ 12181, et seq. ........................................................................................................................ 1, 11

Fed. R. Civ. P. 8 .......................................................................................................................................... 5

Fed. R. Civ. P. 12 (b)(1) .......................................................................................................................... 1, 6

Fed. R. Civ. P. 12 (b)(6) ........................................................................................................................... 1, 6

NYC Admin Code. Title 8, Ch. 1, § 8-127 …………………………………………………….. 1, 10, 11

Defendant HG PUTNAM INC d/b/a HUDSON VALLEY HEMP (hereinafter "Defendant") respectfully submits this Memorandum of Law in reply to Plaintiff's Opposition to Motion to Dismiss plaintiff Primitivo Robles's Complaint ("Defendant's Reply"), pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## **INTRODUCTION**

Defendant's Motion to Dismiss the Complaint for Violations of Title III of the American Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL") ("Defendant's Motion to Dismiss") should be granted because Plaintiff's Complaint fails to establish standing as Plaintiff has failed to plausibly plead his claims and allege an injury in fact. As a result, Plaintiff's Complaint fails, as a matter of law, under Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), and must be dismissed.

Plaintiff's Opposition to Defendant's Motion ("Plaintiff's Opposition") deliberately misrepresents the issues raised in Defendant's Motion to Dismiss by mischaracterizing the nature of Defendant's arguments.

First, Plaintiff repeatedly wrongly misrepresents in Plaintiff's Opposition that Defendant challenges the existence of all the required factual allegations asserted in the Complaint, and therefore repeatedly argues that his Complaint fully satisfies standing requirements in an ADA accessibility action by alleging all necessary facts and details. In fact, Defendant's argument is focused on the implausibility of the allegations asserted in the Complaint, not their mere existence. Defendant's Motion to dismiss presents ample evidence that a significant number of facts alleged in the Complaint are implausible. However, Plaintiff simply disregards Defendant's arguments entirely in his Opposition.

Second, Plaintiff deliberately misrepresents in Plaintiff's Opposition that Defendant challenges the fact that Plaintiff is a "serial litigant", arguing that "filing multiple ADA complaints

1

'is not necessarily problematic' and may be 'what Congress intended when it provided for attorney's fees and thereby made plaintiffs private attorneys general vindicating a policy that Congress considered of the highest priority'". (Plaintiff's Opposition at p. 2, citing Romero v. Zip Top, LLC, 20-cv-10189 (LJL) (S.D.N.Y. Aug. 13, 2021) [ECF No. 27]. In fact, Defendant's argument does not challenge Plaintiff's right to be a "serial litigant", but rather contends that Plaintiff's Complaint fails to satisfy the requirement that a "concrete and particularized" injury must be based on unique, individualized facts. Defendant's Motion to dismiss demonstrates sufficient evidence that the significant number of facts alleged in the Complaint are identical to those in Plaintiff's other ADA complaints, as well as ADA complaints filed by other plaintiffs, which obviously leads to their implausibility. However, Plaintiff simply disregards Defendant's arguments in his Opposition.

## LEGAL ARGUMENT

### I. Plaintiff lacks standing to bring his claims because he has failed to plead an injury in fact.

As the Second Circuit has explained, standing in an ADA case seeking injunctive relief is subject to a three-part test. The complaint must demonstrate that "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2d Cir. June 2, 2022)

Specifically, an ADA plaintiff seeking injunctive relief must also establish that he "intended to return to the subject location." *Calcano*, 36 F.4th at 74 (internal quotation marks omitted). As the Second Circuit has explained, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff **plausibly** alleges a real and immediate threat of future injury." *Id*. at 75 (quotation marks omitted).

Plaintiff specifically emphasized in his Complaint that "[i]n 2017, the Plaintiff was

diagnosed with Retinitis Pigmentosa, a genetic disorder of the eyes that causes loss of vision. As the disease progressed, more photoreceptors were lost, and Plaintiff experienced a reduction in visual field and *experienced significant and persistent pain.*" (Compl. ¶ 25).

According to the Complaint, Plaintiff intends to access the Defendant's Website again, following their remediation, because his "*aim is to explore and purchase from the broad array of products offered by Defendant with the goal to identify the most suitable products (whether marijuana or related products) which could potentially ease the symptoms caused by the Retinitis Pigmentosa*." (See Compl., at ¶ 38).

It is important to emphasize, that the above-mentioned allegations in Plaintiff's Complaint lack any specificity as to why Plaintiff intends to wait until any alleged harm is remedied by Defendant so that Plaintiff can return to Defendant's Website to "explore and purchase" such a non-exclusive product as "marijuana or related products" exclusively from Defendant at some unspecified time in the future. (See Compl., generally, and also at ¶ 38). This is especially perplexing given that Plaintiff could easily purchase the same products from numerous other dispensary websites that are accessible to screen-reading software, thereby alleviating Plaintiff's symptoms immediately. Given that Plaintiff is seeking for a product to ease his "*significant and persistent pain*", rather than something like another pair of jeans or a special sort of coffee, Plaintiff's assertion that he intends to return to Defendant's Website to "explore and purchase" such relief product at an unspecified future time is implausible and not credible.

As with many other ADA website cases, "[p]laintiff's allegations leave the Court questioning whether he, in fact, ever had or now has a particularized desire [in defendant's website or products] or just a particularized desire to sue [defendant]." *Tavarez v. Moo Organic Chocolates, LLC,* 641 F. Supp. 3d 76, 82 n.6 (S.D.N.Y. 2022). Such "someday" intentions - without any description of concrete plans, or indeed even any specification of when the "someday" will be - do not support

3

a finding of the "actual or imminent" injury that Article III requires. Plaintiff does not allege that he has taken any steps to visit Defendant's dispensary. Plaintiff does not allege that he has purchased any of Defendant's products (online or in-person), that he ever intends to purchase defendant's products. Plaintiff does not allege that he has purchased marijuana or related products before from any other dispensary. Plaintiff does not allege any knowledge that the "marijuana or related products" of Defendant specifically differ to similar products of other dispensaries. Plaintiff dos not even allege, that he frequently visited Defendant's website prior to filing the Complaint, as he just discovered it merely three workdays before filing of the Complain (Compl. ¶ 27). See *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023) (concluding that plaintiff's intent to "purchase some belts and a jacket" from defendant's website was insufficient to allege future injury where plaintiff did not allege, inter alia, "the genesis for his sudden need or want for [those products], or that [defendant] is the only retailer that sells the particular [products] he wants, or that he has searched for comparable [products]"). All the above mentioned does not plausibly establish Plaintiff's interest in returning to Defendant's website.

*See also Martin v. Second Story Promotions, Inc.,* No. 22-CV-10438, 2024 WL 775140, at *3 (S.D.N.Y. Feb. 26, 2024) (finding insufficient facts to support intent to return where plaintiffs "allege[d] no facts whatsoever regarding whether they searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites.")

These meagre and implausible facts that Plaintiff does allege are inadequate to establish a "sufficiently imminent and substantial" intent to return to the website. *Calcano*, 36 F.4th at 75.

"[C]ourts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from

4

the particular website in question." *Loadholt v. Oriental-Decor.com Inc.*, No. 22-CV-8205, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (collecting cases), *R&R adopted*, No. 22-CV-8205, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024).

At bottom, all that Defendant can glean from Plaintiff's allegations is that he has a vague interest in browsing the Defendant's dispensary website, and exploring its products whose effect is not personally known to him yet, so that he can decide whether he is interested in purchasing its products. Standing requires more. See Jaquez v. Aqua Carpatica USA, Inc., No. 20-CV-8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) ("It is not sufficient to claim that [plaintiff] suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product.").

In addition to the absence of any specific facts establishing genuine intent to purchase from the Defendant's website in the future, Plaintiff's numerous other near-identical lawsuits against dispensary websites for alleged violations of the ADA "undercut the sincerity of his intent to return." Calcano v. Cole Haan LLC, No. 19 CIV. 10440 (AT), 2021 WL 849434, at *3 (dismissing plaintiff's ADA claim and holding in part: "Because his complaint lacks concrete facts [sufficient to establish an intent to return,] the existence of his numerous, identically worded complaints undercuts the plausibility of his allegations.").

Based on the above-mentioned, this Court should dismiss Plaintiff's claims because he has not met his burden of showing that he has suffered the "injury in fact" required by Article III of the constitution. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).

## II. The complaint should be dismissed for failing to state a claim upon which relief can be granted.

The complaint should be dismissed for failing to adequately plead grounds for relief. Fed. R. Civ. P. 8(a)(2), requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds

5

upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, v 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)**,** (1) "a complaint must contain sufficient factual matter, accepted as **true**, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and (2) a plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S. Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*. When faced with a Rule 12(b)(6) motion, a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007), but the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 385 (S.D.N.Y. 2009) (emphasis omitted).

Plaintiff's allegations asserted in the verified Complaint about how Plaintiff discovered the Defendant's website, and the circumstances of Plaintiff's experience visiting the Defendant's

6

website for the first time are not plausible, especially when compared with the numerous other similar complaints filed by his counsel on his behalf and on behalf of the other plaintiffs. Thus, Plaintiff's allegations that he discovered the Defendant's dispensary website "***as a result of a glowing recommendation by a close friend***", and the allegations describing his first experience visiting the Defendant's website "***for the first time with a sighted relative***" are obviously implausible, because they are totally identical to his 24 Complaints and at least to 61 Complaints of 5 other plaintiffs as provided above.

| Name of the plaintiff, represented by Attorney Jon L. Norinsberg | Quantity of the filed ADA Complaints | Quantity of the complaints, and number of the paragraphs, which contained the identical allegations that Plaintiff discovered the website "***as a result of a glowing recommendation by a close friend***" and that Plaintiff visited the website "***for the first time with a sighted relative***". |
|---|---|---|
| Primitivo Robles | 24 | In all of the 24 complaints, at ¶¶ 27 or 28. |
| Michael Saunders | 9 | In almost all of his 9 complaints, at ¶ 30. |
| Juan Igartua | 20 | In all of the 20 complaints, at ¶¶ 27 or 28. |
| Tavon Turner | 20 | In almost all of his complaints, at ¶¶ 27 or 31. |
| Hannibal Wheatley | 8 | In all of the 8 complaints, at ¶¶ 27 or 28. |
| Susan Competello | 7 | In all of the 7 complaints, at ¶¶ 27 or 28. |
| Total: | 85 | |

Further, Plaintiff implausibly claims that he "discovered Defendant's Website around September 28, 2024 (which is merely three workdays before filing of the Complaint) for the first time. Thus, on September 28, 2024, pursuant to Plaintiff's Complaint, Plaintiff accessed the Defendant's Website, with a sighted relative and was very impressed with the company's thoroughness of each product sold online, detailing each of its unique characteristics". (Compl. ¶ 27).

Plaintiff further claims that he encountered significant accessibility barriers that prevented

7

him from fully utilizing the Website's services when he attempted to access it later by himself, first on September 28, 2024, and then September 29, 2024. (Compl. ¶¶ 27, 28, 32). On the very next day, September 30, 2024, Plaintiff's counsel conducted accessibility audits of the Website. (Compl. ¶ 34).

Plaintiff's assertion that he first discovered and visited the Defendant's Website with a sighted relative merely **3 workdays** before filing of the Complaint on October 4, 2024, is also clearly implausible.

### III. The complaint should be dismissed for the broader context of Plaintiff's transparent cut-and-paste and fill-in-the-blank pleadings.

Defendant considers impossible to "ignore the broader context of Plaintiff['s] transparent cut-and-paste and fill-in-the-blank pleadings." *Calcano*, 36 F.4th at 77.

As clearly demonstrated in Defendant's Motion to dismiss, this case is one of 24 identical cases filed in this district by plaintiff Primitivo Robles from October 03, 2024, to November 06, 2024, all alleging that Defendant's dispensary business violated the ADA by failing to make their websites fully accessible to blind individuals. Moreover, Plaintiff's counsel, Jon L. Norinsberg, has filed a total of 85 identical complaints on behalf of visually-impaired plaintiffs, all against exclusively dispensary website operators and asserting the identical claims. Nearly all of these 85 complaints use identical language to the present complaint, including, among other things, the alleged explanations of how plaintiffs allegedly discovered the defendant's website and their first experience on the defendant's website.

The generic, copy-paste nature of Plaintiff's allegations is further underscored by the conduct of his counsel, Jon L. Norinsberg, on behalf of other plaintiffs.

Such "conclusory, boilerplate allegations fail to establish standing," Calcano, 36 F.4th at 71, and numerous courts in this circuit have "dismissed ADA website accessibility cases for lack of standing where plaintiffs have relied on similar cut-and-paste allegations." Wahab, 2024 WL

3909083 at *9 (collecting cases); see also *Rizzi*, 2020 WL 7000356, at *4 (finding plaintiff's "conclusory allegations" listing ten generic barriers on website was insufficient to plead past injury). Even though the visually impaired persons routinely experience access barriers on the internet, Plaintiff's boilerplate allegations fail to establish a sufficiently concrete injury caused by defendant's Website, as his Complaint is bereft of any detail demonstrating that any specific barrier affected him "in a personal and individual way," *Harty v. W. Point Realty, Inc.*, 28 F.4th at 442 (quoting *Spokeo*, 578 U.S. at 340). "At the very least, Plaintiff must allege some facts explaining which barriers impeded h[is] ability to [obtain the menu and location information] and how they did so." *Wahab*, 2024 WL 3909083, at *10.

### IV.   Plaintiff's city law claims must be dismissed for the same reasons as his ADA claims must be.

In general, disability discrimination claims under the parallel city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) (failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claim in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

### V.   Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL.

Even if Title III of the Americans with Disabilities Act covered defendant's intangible business, plaintiff would not be entitled to most of the relief he seeks. Plaintiff states that he seeks to recover "civil penalties and fines" pursuant to the NYCHRL. But he is not entitled to such. Civil

9

penalties and fines under the NYCHRL are payable to the city, not to a private plaintiff. NYC Admin Code. Title 8, Ch. 1, § 8-127(a) .. ("Any civil penalties recovered pursuant to this *chapter shall be paid into the general fund of the city."*)

*Pla*intiff further seeks punitive damages, but the standard for obtaining that relief is high and cannot be met here. The New York Court of Appeals explained that punitive damages require conduct that "goes beyond mere negligence"; they are available only for those who have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017) (*quoting Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990)) (rejecting the notion that a mere showing of discrimination made punitive damages automatically available).

Here, Plaintiff has not pleaded any specific facts to support any such heightened standard. Indeed, other than a conclusory use of the word "willful," he does not allege anything to suggest that Defendant's purported website violations had a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." He does not, for instance, plead that Defendant refused to remedy violations after those violations were brought to Defendant's attention; he merely pleads that the violations occurred. (To be sure, plaintiff does *use* the word "refusal" in his complaint. But he pleads no *facts* to support that conclusory allegation.) Notably, in keeping with this law firm's scheme in bringing hundreds of these cookie cutter claims, Plaintiff does not claim to, and did not, contact Defendant in any manner with any concern prior to these lawyers filing the suit. But while those violations could be enough (if proved) to support liability for a violation of the applicable law, *Chauca* expressly rejected the notion that punitive damages are available "whenever liability, vicarious or direct, is demonstrated." *Id*. at 17. And if that is

10

insufficient to support an award of punitive damages, then the conclusory alleging it is insufficient to satisfy the pleading burden, and the request for punitive damages must be dismissed. *See Suris v. Collive Corp.,* 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) (denying request for punitive damages because generic pleading of failure to make site accessible does not establish willful or wanton negligence or recklessness).

### VI. Plaintiff's request for declaratory judgment should be dismissed as redundant.

In Fifth Cause of Action of his complaint, Plaintiff asserted a claim for declaratory judgment that defendant violated the ADA (42 U.S.C. §§ 12182, et seq.), and the NYCHRL (N.Y.C. Admin. Code § 8-107, et seq.) by failing to maintain an accessible website. But First Cause of Action of the complaint alleged that Defendant violated the ADA by failing to maintain an accessible website, Second, Third and Fourth Causes of Action of the complaint alleged that Defendant violated the NYCHRL by failing to maintain an accessible website. In short, Fifth Cause of Action raises exactly the same claims as Counts I and III, making it entirely redundant.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020), *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) (*quoting Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019) (internal quotation marks omitted) (collecting cases). The remedy to such redundant pleading is clear: "Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2nd

Cir. 1993) plaintiff can obtain no relief from Count III that he would not already obtain from Counts I and II. Accordingly, the Court should dismiss plaintiff Primitivo Robles' declaratory judgment claim.

## CONCLUSION

The Second Circuit has expressly held that plaintiffs have to plead specific facts, rather than just boilerplate cut-and-paste identical complaints, in order to have Article III standing to assert claims under Title III of the Americans with Disabilities Act. Mr. Primitivo Robles did not do so, and Defendant respectfully requests that Plaintiff's Complaint should be dismissed.

Dated: January 10, 2024

        Respectfully submitted,

        By: */s/ Michael Samuel*
        THE SAMUEL LAW FIRM
        Michael Samuel (MS7997)
        1441 Broadway, Suite 6085
        New York, New York 10018
        (212) 563-9884
        michael@thesamuellawfirm.com
        *Attorneys for Defendant*